UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FARENCO SHIPPING CO LTD<br><br>　　　　　Plaintiff,<br><br>v.<br><br><br>FARENCO SHIPPING PTE LTD,<br>OCEAN GREAT INDUSTRIAL LTD.,<br>TEAMZONE LTD., and LIU SONG<br><br><br>　　　　　Defendants.<br><br><br>v.<br><br><br>NORTON LILLY<br>　agent for the vessel M/V Ocean Shanghai<br>　and Defendants<br>　　　　Solely as Garnishee. | CIVIL ACTION NO. **12-2544**<br><br>JUDGE:<br><br>MAGISTRATE: **SECT. A MAG. 2** |

## ORDER FOR NON-RESIDENT ATTACHMENT AND RULE B ATTACHMENT

**CONSIDERING THE FOREGOING,** the Verified Complaint and supporting documentation requesting issuance of an Order of Attachment pursuant to the Louisiana Non-Resident Attachment Statute LA. Civ. P. Art 3501 *et seq.* ("Non Resident Attachment Statute") as well as the issuance of an Order of Maritime Attachment Pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule B"), the Court finding that the conditions of both the Non Resident Attachment Statute and Rule B have been met:

___Fee ___
___Process ___
X_Dktd ___
___CtRmDep___
___Doc. No.___

1

**IT IS ORDERED** that the Clerk shall issue a process and writ of attachment as prayed for in the Verified Complaint pursuant to the Non Resident Attachment Statute and Rule B, directing the United States Marshal to seize the vessel M/V Ocean Shanghai ("Vessel") and any property aboard the Vessel owned by the captioned Defendants, up to the amount of $69,191,237.87;

**IT IS FURTHER ORDERED** that in connection with plaintiff Farenco Shipping Co. Ltd's request for the issuance of this attachment order pursuant to the Non Resident Attachment Statute, a cash bond in the sum of $250 is hereby acknowledged and deemed sufficient;

**IT IS FURTHER ORDERED** that, subject to the discretion of the U.S. Marshall or the substitute custodian as applicable, any person claiming interest in the property attached, pursuant to said Order, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment should not be vacated or other relief granted;

**IT IS FURTHER ORDERED** that the attachment shall not stop loading or discharge of the vessel, repairs to the vessel, any inspections by the United States Coast Guard or others, or the movement of the vessel within the Court's jurisdiction in accordance with LAR 64.3;

**IT IS FURTHER ORDERED** that a copy of this Order be attached to and served with this said process of attachment;

**IT IS FURTHER ORDERED** that the immediate release of the vessel shall at the discretion of the Plaintiff, and shall at any time be executed without court approval upon the delivery of a letter to the U.S. Marshal or alternative/substitute custodian.

**IT IS FURTHER ORDERED** that all *custodia legis* expenses incurred shall be paid from the proceeds of any judicial sale of the Vessel, or pursuant to any settlement agreement, by the attaching creditor.

**IT IS FURTHER ORDERED** that plaintiff shall hold harmless and indemnify the United States of America, the U.S. Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the vessel.

PLAINTIFF AGREES TO RELEASE AND HOLD HARMLESS, AND INDEMNIFY THE UNITED STATES OF AMERICA, THE UNITED STATES MARSHAL, THEIR AGENTS, SERVANTS, EMPLOYEES, AND ALL OTHERS FOR WHOM THEY ARE RESPONSIBLE, FROM ANY AND ALL LIABILITY OR RESPONSIBILITY FOR CLAIMS ARISING FROM THE ARREST OR ATTACHMENT OF THE VESSEL, MOVEMENT OF THE DEFENDANT VESSEL, AND CARGO LOADING/UNLOADING OPERATIONS OF THE DEFENDANT VESSEL.

New Orleans, Louisiana this 18th day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE