# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FARENCO SHIPPING CO LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:  12-2544 "A" (5)** |
| **FARENCO SHIPPING PTE LTD., OCEAN GREAT INDUSTRIAL LTD., TEAMZONE LTD., and LIU SONG** | **JUDGE JAY C. ZAINEY** |
| | **MAGISTRATE JUDGE ALMA L. CHASEZ** |

### MEMORANDUM OF OCEAN GREAT INDUSTRIAL LTD. IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE ATTACHMENT AND/OR TO DISMISS FOR LACK OF JURISDICTION OR, ALTERNATIVELY, TO SET SECURITY

Although the materials submitted to the Court in connection with the attachment of the OCEAN SHANGHAI are already quite voluminous, defendant respectfully requests the Court's indulgence for submission of a *short* reply in order to address certain significant issues raised by plaintiff's opposition memorandum.   There are several overarching issues that cut across plaintiff's entire argument and others that relate to specific dispositive points made by Ocean Great in its motion to vacate/dismiss but which are not addressed adequately or at all by plaintiff.

The first issue is a technical but potentially important one.  Plaintiff consistently refers to the motion to vacate as having been brought on behalf of the "defendants" collectively.  In fact, the motion to vacate was filed on behalf of the vessel owner, Ocean Great Industrial Ltd., only, not the other defendants, none of whom has been served or is otherwise before the Court. Plaintiff's error in this respect is perhaps not unintentional and in any case is consistent with its unjustified eagerness to have the Court gloss over and disregard corporate formalities altogether

and to regard any person or company with even a tangential relationship to be treated as a single legal entity.

Second, plaintiff conflates and confuses different claims based on the law of different jurisdictions, bouncing back and forth between the law of the United States (as per citations in its memorandum) and the law of the British Virgin Islands (as in the Declaration of Mr. Ng.)[1]  This is impermissible as a matter of law,[2] but is also revealing of a fatal flaw in plaintiff's elaborate argument.  That is, despite the convoluted and confusing way it is plead, plaintiff's basic claim is one growing out of alleged improprieties in the handling of the corporate affairs, not of Ocean Great, the owner which has been wrongfully denied the use of its vessel, but by parties who are not before the Court.  The claim is not unusual, and seeks the return of various corporate assets which are allegedly the property of the plaintiff.  The fundamental point which plaintiff ignores but which is fatal to its claim under Rule B is that this type of asset-recovery claim is *not* maritime, as the authorities cited in our original memorandum show.  This is the case irrespective of whether the Court characterizes the Freight Forward Agreements as maritime or non-maritime.[3]

Third, plaintiff similarly glosses over the constitutional shortcomings of its attachment of the vessel as made apparent by the Supreme Court decision in *Shaffer v. Heitner*, 433 U.S. 186

---

[1]  A glaring example of this confusion of law and remedies is the assertion by Mr. Ng that under BVI law plaintiff could bring an in rem action against the vessel if it were found in the British Virgin Islands and not New Orleans. (See plaintiff's memorandum in opposition, page 22).  Why this should matter to this Court in this case is not explained.

[2]  See *In re Condor Ins. Ltd.*, 601 F.2d 319, 327 (5th Cir. 2010) (foreign representatives should not be permitted to "mix and match foreign and U.S. law").   Of course, unlike here, that decision concerned claims "in a Chapter 15 proceeding" *id.*at 320 and as a result that decision does not answer the constitutional issues regarding federal subject matter jurisdiction raised in Ocean Great's original memorandum at page 10.

[3]  This also explains why the plaintiff, as defendant recently learned, has filed the attached petition in Louisiana state court.  It is essentially identical to the complaint filed in this Court except it makes no reference to an indemnity claim.

(1977).  Plaintiff's response to this fundamentally important issue was really no response at all:
"Farenco BVI asserts only *quasi in rem* jurisdiction as to all Defendants, and hence it is
unnecessary to respond to those arguments."[4]  As the Court knows, however, *Shaffer* involved
just that – an (unconstitutional) effort by the state of Delaware to assert *quasi in rem* jurisdiction
over an absent defendant whose sole contact with the state was the ownership of property
unrelated to the suit.  This is precisely what plaintiff attempts here – the (unconstitutional)
assertion of *quasi in rem* jurisdiction over the property of an absent defendant, Ocean Great, by
attaching property which is only coincidentally here, the OCEAN SHANGHAI, on a dispute that
has absolutely nothing to do with Louisiana.  The failure to address this constitutional restriction
is telling.

       With respect, finally, to defendant's alternative motion to set security, plaintiff's
memorandum, like its complaint, is filled with hyperbole and pure speculation:  "It is *believed*
that China Merchants Bank conducted an extensive due diligence and would have required cash
holdings and collateral within the vessel owning and holding companies." (page 26, italics
added); "The *logical inference* from  China Merchant Bank's long and significant relationship
with the Liu Song entities is that China Merchant's Bank knew of, acquiesced to and facilitated
the alleged fraud."(page 26, italics added); "…upon a showing that China Merchants Bank had
knowledge or constructive knowledge of the fraud at issue, its security interest would be subject
to Farenco BVI's constructive trust upon the Ocean Great…"(page 27, an assertion, by the way,
which has not been plead and as to which there certainly has been no "showing" of any kind).

---

4    See footnote 24 on page 22 of plaintiff's memorandum in opposition.

Plaintiff goes on to argue, totally without foundation, that the verified mortgage on file at the Hong Kong Registry would be subject to the defense of "equitable subordination" which would by plaintiff's own admission require proof of inequitable conduct by the mortgagee bank, an allegation for which there is absolutely no factual support whatever.  Again, this is consistent with the plaintiff's propensity to cast a wide, unsupported and accusatory net over each and every entity that is in any way connected, however tangentially, with the dispute giving rise to this complaint or to the property under attachment. It is especially inappropriate in a case where the allegations are the basis of depriving a party of its property.

In any case, plaintiff claims that the valuation it provided from Compass Maritime should be accepted over the one provided on behalf of Ocean Great by N. Shipley & Co. Ltd. Defendant submits herewith a supplemental report from Mr. Shipley in which he explains that his estimate of the value of the OCEAN SHANGHAI at $16,750,000.00 was based on actual sales of similar vessels within the last three (3) weeks.  Mr. Shipley also provides independent industry information on second-hand vessel prices which shows that ship values have been in decline since the beginning of January, 2011.

Compass Maritime does not explain how its valuation was derived.

Plaintiff also contends that the Court should disregard the fact there is a valid outstanding preferred mortgage lien on the vessel which would prime any of the claims asserted by plaintiff.[5] The purpose of posting security to obtain the release of a vessel from attachment is to put the party causing the attachment in the same position it would have been in had the vessel been sold

---

[5]    The valuation provided by Compass recites that it is an estimate of what the sale price of the vessel would be, ". . . in an exchange between a willing buyer and a willing seller, with equity to both, neither under any compulsion to buy or sell and both fully aware of all relevant facts . . . ."  Of course, no fully-informed buyer would purchase OCEAN SHANGHAI without taking account of the amount of the mortgage lien.

at a judicial auction.  In this case, if Ocean Great does not post security to obtain the vessel's release, then ultimately the Court would order the sale of the vessel at judicial auction and the proceeds deposited into the registry of the Court pending a trial on the merits or other final disposition of the case.  At a judicial auction, the mortgage lienholder will appear and take the steps necessary to protect its mortgage interest ($15,850,000.00) because otherwise it would be lost altogether.  Since the validity and priority of the Bank's mortgage interest is decided by the law of the forum, i.e., U.S. law, it would be given primacy over the alleged claims asserted by plaintiff in the complaint, all of which are unsecured and none of which give rise to a "preferred maritime lien."  *See*, *Hibernia Nat. Bank v. M/V MR. NIC*, No. Civ.A.04-1387, 2005 WL 1155778, *3 (E.D.La. May 6, 2005) ("a preferred mortgage lien has priority over all other claims against the vessel, except that for expenses and fees allowed by the court, costs imposed by the court and preferred maritime liens").  As a consequence, the only security which would be available to the plaintiff after a judicial sale is the defendant's "equity" in the vessel, being either $900,000.00, if the valuation of Mr. Shipley is accepted, or between $3.15 million and $4.15 million if Compass Maritime's valuation is accepted.

To hold otherwise and disregard the fact of the preferred mortgage lien would be a double penalty for Ocean Great – it would have to pay the mortgage indebtedness while at the same time putting up a greater sum simply to obtain the release of the vessel.  The Court should exercise its equitable power to avoid such an unfair result.[6]

---

[6]  The failure in this reply brief to address the balance of plaintiff's arguments should be taken as a desire for brevity, not acquiescence.  For example, we have not addressed plaintiff's prematurity argument with respect to the Louisiana state court attachment which, though authorized by the Court (see Rec. Doc. 3) was apparently not served.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     */s/ Gary A. Hemphill*
_____
GARY A. HEMPHILL (#6768 )
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email:  hemphilg@phelps.com
**ATTORNEY FOR OCEAN GREAT
INDUSTRIAL LTD.**

Of Counsel,

Christopher H. Dillon
BURKE & PARSONS
100 Park Avenue
New York, NY 10017
Direct: 212.354.3817
Fax: 212.221.1432
Email: dillon@burkeparsons.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Gary A. Hemphill*
_____
GARY A. HEMPHILL

-6-