```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

FARENCO SHIPPING CO., LTD.              CIVIL ACTION

VERSUS                                  NO: 12-2544

FARENCO SHIPPING PTE LTD.,              SECTION: "A" (5)
ET AL.
```

### ORDER AND REASONS

Before the Court is a **Motion to Vacate Attachment and/or To Dismiss for Lack of Jurisdiction or, Alternatively, To Set Security (Rec. Doc. 12)** filed by defendant Ocean Great Industrial, Ltd.  Plaintiff Farenco Shipping Co. Ltd. opposes the motion.  The motion, set for expedited consideration on November 6, 2012 (Rec. Doc. 13), is before the Court on the briefs without oral argument.

**I.   BACKGROUND**

On October 18, 2012, plaintiff Farenco Shipping Co. Ltd. ("Farenco VBI" or "Plaintiff") filed its complaint in this Court against defendants Farenco Shipping Pte Ltd., Ocean Great Industrial Ltd., Teamzone Ltd., and Liu Song.  Farenco BVI is in liquidation proceedings in the British Virgin Islands.  Plaintiff's claims against Defendants are foreign law avoidance claims.  Subject matter jurisdiction is alleged primarily to be based on 28 U.S.C. § 1333(admiralty and maritime jurisdiction).

(Complaint, Rec. Doc. 1, at ¶ 11).  Plaintiff also suggests that jurisdiction is proper under Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. § 1509.  (Id.).

When Plaintiff filed its complaint it moved for and obtained two writs of attachment against the M/V OCEAN SHANGHAI.  Defendant Ocean Great Industrial Ltd. ("Ocean Great") is the vessel owner.  One writ of attachment was issued pursuant to Rule B of the Supplemental rules for Admiralty or Maritime Claims. (Rec. Doc. 4).  The other writ was obtained in reliance on Louisiana Code of Civil Procedure article 3541(5), the Louisiana non-resident attachment statute.  (Rec. Doc. 5).  According to Plaintiff, it has attached the vessel pursuant to the Rule B writ and has not yet executed the state law writ.

Defendant Ocean Great now moves to vacate the attachments arguing *inter alia* that the claims in this case are not based on maritime law and therefore an attachment based on Rule B cannot stand.  In fact, according to Ocean Great, the Court is completely without subject matter jurisdiction over this dispute, which in turn means that a writ cannot issue pursuant to state law attachment procedures either.  With leave of Court, non-party Daeyang Shipping Co. has filed a memorandum in support of the motion to vacate.  Daeyang contends that it is the vessel charterer, that it is an innocent third-party that has no involvement in the claims that underlie this lawsuit, and that

2

the continued detention of the vessel is preventing it from fulfilling its contractual obligations to other parties.

## II.  **DISCUSSION**

In light of the expedited nature of the motion, the Court limits its analysis to those issues that directly affect the validity of the writs involved.  The merits of the avoidance claims that form the basis for this lawsuit, including whether Plaintiff will ultimately be able to pierce the corporate veil so as to prevail against all of the Defendants, are not before the Court at this time.  The Court will accept all well-pleaded factual allegations as true at this juncture.

### *Rule B Attachment*

Under Supplemental Admiralty Rule E(4)(f), any person claiming an interest in property arrested or attached shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated.  Supp. R. E(4)(f).  The attachment will be vacated if the plaintiff fails to establish that the requirements of Rule B are satisifed.  Austral Asia Pte. Ltd. v. SE Ship. Lines Pte. Ltd., No. 12-1600, 2012 WL 2567149, at * 1 (E.D. La. July 2, 2012) (Engelhardt, J.) (quoting Williamson v. Recov. Ltd. Partner., 542 F.3d 43, 52 (2nd Cir. 2008)).

The OCEAN SHANGHAI is currently under arrest pursuant to a Rule B attachment.  A Rule B maritime attachment is a remedy

available only under a court's admiralty jurisdiction.  <u>Alphamate Commodity GMBH v. CHS Europe SA</u>, 627 F.3d 183, 186 (5th Cir. 2010) (<u>citing</u> Fed. R. Civ. Pro. 9(h); Supp. R. A(1)(A)(i)).  Thus, if the underlying dispute or claim does not fall with the Court's admiralty jurisdiction, 28 U.S.C. § 1333, the Court lacks the authority to issue the Rule B attachment.  <u>Id.</u>

This Court is persuaded that Farenco BVI's claims do not fall within this Court's admiralty jurisdiction.  Plaintiff's claims are foreign law "clawback" or avoidance or fraudulent transfer claims not maritime claims.  In a nutshell, the allegation underlying the clawback claims is that defendant Liu Song, who was the sole principal of Farenco BVI, forced the entity to breach various FFA agreements which ultimately led to Farenco BVI's insolvency.  Plaintiff's position is that the FFA agreements were maritime contracts so Plaintiff's avoidance claims should be viewed as maritime indemnity claims thereby creating an admiralty nexus.

FFA or Forward Freight Agreements are futures contracts based upon the cost of freight associated with maritime trade routes.  FFA contracts involve financial speculation but they do not directly involve maritime commerce or an actual commitment to move cargo.  Plaintiff cites no controlling authority for the assertion that these agreements were maritime contracts.  But assuming *arguendo* that the FFA agreements at issue were maritime

4

in nature, it does not follow that the claims asserted in this lawsuit are maritime in nature.  Plaintiff is not suing to enforce or void an FFA agreement or to recover for its breach.  The aggrieved parties to the FFA agreements are not parties to this lawsuit.  Simply, the FFA agreements are not the subject of this litigation, which again is an avoidance suit grounded on the law of a foreign jurisdiction.

Because the FFA agreements are not directly at issue in this case, Farenco BVI characterizes its complaint as one sounding in maritime indemnity.  In other words, because the funds that Defendants obtained unjustly would have been used to satisfy a purported maritime obligation, Farenco BVI's attempt to reclaim the funds for the benefit of its FFA agreement creditors is really a maritime indemnity claim.  None of the cases that Farenco BVI cites suggest that the nature of its claims are maritime indemnity claims that fall within this Court's admiralty jurisdiction.

Based on the foregoing, the Court concludes that this complaint does not allege an admiralty and maritime claim within the meaning of Rule 9(h).  Therefore, Rule B attachment is not available and the writ based on Rule B, the same writ pursuant to which the OCEAN SHANGHAI is currently held under arrest, will be vacated.

***Louisiana State Law Attachment***

Given that the Court does not have admiralty jurisdiction over this case, the Court must have some other basis for subject matter jurisdiction in order for the state law writ to stand.[1] *The Court assumes for now without deciding*, that it can validly exercise subject matter jurisdiction over this dispute based on In re Condor Insurance Ltd., 601 F.3d 319 (5th Cir. 2010). Assuming that the action is properly in this Court, Rule 64 of the Federal Rules of Civil Procedure makes available to the litigants all remedies for the seizing of property, including arrest and attachment, that are available under state law. Fed. R. Civ. Pro. 64(a)-(b). Louisiana Code of Civil Procedure article 3542 provides that a writ of attachment may be obtained in any action for a money judgment, regardless of the nature of the claim. Under article 3541(5), one ground for attachment under state law is that the defendant is a non-resident with no duly appointed agent for service of process in this state. This is the provision that Plaintiff has invoked to obtain the state law writ of attachment. Plaintiff's position is that the presence of the vessel in this jurisdiction provides a basis for quasi in rem jurisdiction over all the defendants. (Complaint,

---

[1] To the extent that Plaintiff suggests that a challenge to the state law writ is premature because it has not been served, the Court finds that contention unpersuasive.

Rec. Doc. 1, ¶ 13).

State law attachments designed to obtain quasi in rem jurisdiction over a defendant must comport with principles of due process and must meet the nexus requirements for personal jurisdiction against the defendant.  See Shaffer v. Heitner, 433 U.S. 186 (1977).  In Heitner the Court concluded that state law cannot convey jurisdiction over a defendant whose sole contact with the forum, i.e., ownership of property, is unrelated to the claims in the lawsuit.

In this case, the Court recognizes that the property at issue, the vessel OCEAN SHANGHAI, is not necessarily unrelated to the claims in the lawsuit.  Although the OCEAN SHANGHAI was not directly involved in the FFA breaches, Plaintiff does allege that the vessel was purchased with fraudulently transferred funds and therefore represents a direct fruit of defendant Liu Song's alleged scheme to drain Farenco BVI of its assets while leaving behind its debts.  Yet it remains that the litigants, the vessel, and the foreign law claims at issue in this case have no connection whatsoever to this state.  No act related to this lawsuit occurred in Louisiana and the complaint alleges no conduct by any defendant, but particularly the vessel owner, that creates any nexus with this state.  The property that Plaintiff has attached was located in this jurisdiction fortuitously because the vessel charterer brought it here.

Plaintiff's briefing both before and after the writs of attachment were issued concentrated heavily on attaching the vessel under Rule B in admiralty, which upon ex parte application had a certain allure.  But Plaintiff's briefing in support of the motion to obtain the state law writ does nothing to address the concerns outlined above.  (Rec. Doc. 2, at 2-3).  And Plaintiff's briefing in opposition to the motion to vacate likewise does not adequately support the conclusion that attaching the vessel, a remedy which is highly disruptive to maritime commerce, is appropriate under state law procedures.  The unexecuted state law writ of attachment will therefore also be vacated.

In sum, the Court finds that the writs of attachment for the M/V OCEAN SHANGHAI were improvidently granted and therefore will be vacated.  The Court will briefly stay execution of this Order to allow Plaintiff to seek emergency relief, and possibly a stay, with the court of appeals.  This Order will become executory on Monday, November 19, 2012, at 4:00 p.m., at which time the Marshal or current custodian shall relinquish control of the vessel.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate Attachment and/or To Dismiss for Lack of Jurisdiction or, Alternatively, To Set Security (Rec. Doc. 12)** filed by defendant Ocean Great Industrial, Ltd. is **GRANTED** as follows:  The writs of attachment

pertaining to the M/V OCEAN SHANGHAI will be vacated effective **Monday, November 19, 2012, at 4:00 p.m.**, at which time, in the absence of stay issued by the Fifth Circuit, the Marshal or substitute custodian is **ORDERED** to relinquish control of the vessel so that it may return to maritime commerce.

November 15, 2012

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE